UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STUD STEPHENS,

            Plaintiff,

-vs-                                            Case No.  8:06-cv-2239-T-24MAP

HILLSBOROUGH COUNTY SHERIFF'S
OFFICE; HILLSBOROUGH COUNTY JAIL,
et al.,

            Defendants.
_____

## **ORDER**

      Pro se Plaintiff Stephens filed this 42 U.S.C. § 1983 complaint alleging violation of his constitutional rights. He paid the 350.00 filing fee.  Stephens contends:

> This action arose on January 3, 1995, when the Salvation Army Correctional Service, Probation Supervisor, Jennifer Greene, filed a consolidation of cases, with the 13th Judicial Circuit in and for Hillsborough County Clerk's Office without first conforming to due process of service.  In sum, Jennifer Greene had Plaintiff's court date changed from January 23, 1995 up to January 19, 1995 in RE:  County Court Case number 94-24372mmaws. (Exhibit AA) Whereafter, on January 27, 1995, Jennifer Greene did file false Affidavit violation of probation unlawfully alleging Plaintiff had been arrested . . . and was arrested for the offense of repeated telephone calls RE: case number 94-24371, mmaws.  Here and now, Plaintiff was not arrested on November 1, 1994.  Wherefore, it should have been noted, the facts of the matter is plaintiff was arrested in RE: Hillsborough county [sic] Court case number 94-17408 . . . on December [sic] 3, 1994 on an [sic] Capias, failure to appear for trespassing other than structure or conveyance.  (this [sic] alleged incident occurred on July [sic] 29, 1995, prior to plaintiff's September 26, 1994, Court Ordered Probation).  See Exhibit "A"

> On February 6, 1995, Plaintiff appeared before the Honorable County Court Judge Frank A. Gomez in and for Hillsborough County, Florida and was arrested on an [sic] False Warrant of Arrest and subsequently pled out to (7) seven charges without counsel and sentenced to serve Six (6) Months Hillsborough County Jail.

On or about May 15, 1998, Plaintiff filed his Title 42 u.s.c.a. [sic] Section 1983 Civil Rights Complaint, In Re: United States District court, Middle District of Florida Case No. 98-cv-1054-T-24B.

On June 29, 2000, the United States District Court, Middle District of Florida, Tampa Division issued its Order Granting the Hillsborough County Sheriff's dept. [sic] Motion To Dismiss. (Doc. 49) . . .

On June 30, 2000, Judgment in a civil case was entered by U.S. Dist. Ct. Deputy Clerk. (Doc. 73).

On February 2, 2001, the United States Court of Appeals for the Eleventh Circuit No. 00-13800 Per Curiam Affirmed.[1]

. . . .

Pursuant to Heck v. Humphrey, 512 U.S. 477, Plaintiff filed his:

Motion To Correct Illegal Sentence Rule 3.800(A) and/or Motion to Vacate or Set Aside the February 6, 1995, Sentencing court Patently Illegal Sentences. . . . and Memorandum of Law Submitted [sic] in Support . . .

Filed in the 13th Judicial Circuit Court in and for Hillsborough County, Florida on July 14, 2004. On December 2, 2004, the Honorable County court Judge Paul L. Huey, issued it's [sic] Order Granting

Plaintiff's Motion To Correct the unconstitutional sentence. (A copy is heretowith [sic] attached).[2]

---

[1] The Eleventh Circuit's order affirming the District Court reads:

   In its dispositive order in this case, Record Vol. 2 at Tab 72, the district court concluded that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L. Ed. 2d 383 (1994), barred appellant's claims for false arrest and false imprisonment and that Hillsborough County Court Judge Frank A. Gomez was entitled to absolute judicial immunity. Appellant now challenges the district court's rulings. We find no error in the district court's analysis and disposition of appellant's claims, and therefore affirm the court's decision.

   AFFIRMED.

(Case No. 8:98-cv-1054-T-24TGW, Doc. No. 77)

[2] See Plaintiff's Attachment 4. In the order, the state trial court found that Stephens was entitled to be represented by counsel at sentencing." The state trial court did not set aside Stephens' conviction.

Plaintiff seeks compensatory, punitive and actual damages as well as costs and attorney fees.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, this case must be dismissed.

First, the state trial court's granting Stephens' motion to correct illegal sentence did not set aside his conviction. The state trial court granted Stephens' motion so that he could be appointed counsel to prepare and refile the motion to correct illegal sentence and to represent Stephens at sentencing. The state trial court stated: "The Court sentenced Defendant to incarceration in violation of the Sixth Amendment right to counsel, a fundamental right under the United States Constitution. It is the duty of this Court to rectify fundamental errors. Therefore, in the interests of justice, Defendant is entitled to be resentenced on the above cases in the presence of counsel." (Stephen's Exhibit 4) This ruling did not set aside Stephens' conviction and his claims have not accrued.

Second, even if the Court could somehow find that the claims had accrued, Stephens' complaint against the Defendants must be dismissed. Stephens names as Defendants the Hillsborough County Sheriff's Office and the Hillsborough County Jail. These entities are not proper defendants.

### Hillsborough County Sheriff's Office

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Tillman v. Coley, 886 F.2d 317, 319 (11th Cir.), reh'g denied en banc, 893 F.2d 346 (11th Cir. 1989); Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989); Cornelius v. Town of Highland Lake, Alabama, 880 F.2d 348, 352 (11th Cir.), reh'g denied en banc, 887 F.2d 1093 (11th Cir. 1989), cert. denied, Spears v. Cornelius, 494 U.S. 1066 (1990) overruled on other grounds by White v. Lemacks, 183 F.3d 1253, 1259 (1999) citing Collins v. City of Harker Heights, 503 U.S. 115 (1992).

Stephens cannot sue the Hillsborough County Sheriff's Office under section 1983. It is true that, in Monell v. Department of Social Services, the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690 (1978). The question here, however, is not whether the Hillsborough County Sheriff's Office is a person within the meaning of Monell, but whether the Office is a legal entity capable of being sued. Dean v. Barber, et. al., 951 F.2d 1210, 1214 (11th Cir. 1992). As the Dean Court pointed out, sheriff and police departments are not usually considered legal entities subject to suit, id., see also, Post v. City of Fort Lauderdale, 750 F.Supp. 1131 (S.D. Fla. 1990); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984);  however, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b);  see also, Dean at 1214;  Shaw v. California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir. 1986).

Local government entities can be sued for violations of constitutional rights, see Monell at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 484 n. 12 (1986); however, the violation must bear some relation to the entities' "policies or customs." Monell at 690-91; see City of St. Louis v. Praprotnik, 485 U.S. 112, 124 n. 1 (1988). The contours of an entity's liability have been delineated in cases arising after Monell and vary greatly from state to state. Praprotnik, 485 U.S. at 123; compare, Dean, 951 F.2d at 1214-15 (holding that a Sheriff was a state employee and thus the correct party in interest was the state); with Strickler v. Waters, 989 F.2d 1375 (4th Cir.), cert. denied, 510 U.S. 949 (1993) (holding that neither the city nor the state was responsible for the actions of the Sheriff, because, as a state constitutional officer, [as is Florida's Sheriff], the Sheriff served independent of the municipal, county, or state government); and Zook v. Brown, 865 F.2d 887, 895 (7th Cir. 1989) (concluding that by county delegation and approval, the sheriff was responsible for establishing final county policy on discipline for the county and therefore was the proper party).

Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party. See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Florida City Police Dept. v. Corcoran, 661 So.2d 409 (Fla. 3d DCA 1995). In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions. Therefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city. Corcoran, 661 So.2d at 410.

The ultimate determination of the proper party involving governmental entities in a § 1983 action depends upon who had final policy making authority. Justice O'Connor set forth the "guiding principles" in Pembaur:

> First, . . . municipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, "that is, acts which the municipality has officially sanctioned or ordered." Second, only those municipal officials who have "final policy making authority" may by their actions subject the government to § 1983 liability. Third, whether a particular official has "final policy making authority" is a question of state law. Fourth, the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business.

475 U.S. at 123. Justice O'Connor added that state law would not always "speak with clarity." Id. at 125.

The Praprotnik test indicates that liability relies more on final policy making authority than on technical characterizations of officials as state or county employees. Dotson v. Chester, 937 F.2d 920 (4th Cir. 1991). Thus, a "corollary proposition" is "whether an official acts on behalf of the county or the state." Owens v. Fulton Co., 877 F.2d 947, 950 (11th Cir. 1989). Additionally, the Supreme Court recognized in Pembaur that, under appropriate circumstances, a Sheriff can establish final policy. 475 U.S. at 484 n. 12.

Although this Court has held that the Sheriff's Office lacks the capacity to be sued, there is no need to examine who is the proper party in this case, (the Sheriff's Office, Sheriff, County, or State) because Stephens' complaint makes no claim that the allegedly unconstitutional actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or that the alleged deprivations were taken pursuant to a persistent and widespread custom. Monell, at 690-691. As Plaintiff Stephens does not allege that the Sheriff's Office

promulgated an official office or departmental policy to falsely arrest citizens, Plaintiff fails to allege a policy violation sufficient to sustain an action against the Sheriff's Office under § 1983. Therefore, Plaintiff's claims against the Hillsborough County Sheriff's Office.

### Hillsborough County Jail

Furthermore, the Hillsborough County Jail is not an actionable legal entity because it does not have a separate legal existence independent of the county or the Sheriff's office. The jail is a detention facility under the direction and operation of the Hillsborough County Sheriff. The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with the jail's operation and control. Therefore, Stephens' claims against the Hillsborough County Jail are frivolous. See also Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

Accordingly, the Court orders:

That Stephens' complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Stephens and to close this case.

ORDERED at Tampa, Florida, on December 11, 2006.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Stud Stephens